

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Christina Hoffman*                     *Suite 400*                          *DIRECT: 410-209-4871*
*Assistant United States Attorney*      *36 S. Charles Street*                *MAIN: 410-209-4800*
*Christina.Hoffman@usdoj.gov*           *Baltimore, MD 21201-3119*            *FAX: 410-962-0717*

---

May 2, 2022

Hon. Catherine C. Blake
U.S. District Court for the District of Maryland
101 W. Lombard Street
Baltimore, MD 21201

      Re:    <u>United States v. Dante Bailey, et al., Crim. No. CCB-16-0267</u>

Dear Judge Blake,

      We write to request a minor factual correction to one sentence of the Court's memorandum opinion denying the defendants' motions for new trial, dated April 21, 2022. *See* ECF 1743.

      The section of the opinion entitled "Background," which describes the Court's findings of fact, correctly states the following:

> Federal GTTF investigators did not have direct evidence of Louvado's misconduct until a witness's April 2019 proffer (three weeks into the MMP trial), in which he recounted that he had seen Louvado steal the drugs in February 2009. (ECF 1554-13, Gladstone Proffer). ***The GTTF investigators notified USAO supervisors of the direct evidence of Louvado's misconduct***, but the USAO's *Giglio* officers advised the MMP trial AUSAs that no *Giglio* obligation existed because (1) Louvado was not a trial witness; (2) the information in Louvado affidavits was independently verifiable; and (3) the GTTF investigation was still underway with potential covert steps to be taken. (ECF 1554 at 48-49).

ECF 1743, at 7 (emphasis added). However, the section of the opinion entitled "Analysis," includes the following paragraph:

> Gun Trace Task Force investigators first learned of a direct allegation of Louvado's wrongdoing on April 9, 2019, three weeks into the MMP trial. ***They immediately relayed the information to the MMP trial AUSAs***, who – though not having been advised of any *Brady* or *Giglio* concerns with Louvado up until that point – had already determined not to call Louvado as a witness, according to the government's briefing (ECF 1554 at 47). After learning of the allegations of wrongdoing, they saw no *Giglio* obligation: Louvado would not testify at trial; there was no suggestion of misconduct during the MMP investigation; the information in the

Approved May 09, 2022
Catherine C. Blake
United States District Judge

Louvado-authored warrants could be independently verified by other officers and evidence; and the covert GTTF investigation remained active.

ECF 1743, at 21 (emphasis added). The italicized statement is not correct and is inconsistent with the Court's earlier finding of fact. As the government explained in its response brief, the new allegation against Louvado was relayed to USAO supervisors, not to the trial AUSAs. *See* ECF 1554 at 48 & n.31. Accordingly, we respectfully request a minor factual correction to make the second paragraph consistent with the first, *i.e.*,

> They immediately relayed the information *to USAO supervisors*. At that point, the trial AUSAs, though not having been advised of any *Brady* or *Giglio* concerns with Louvado, had already determined not to call Louvado as a witness, according to the government's briefing (ECF 1554 at 47). After learning of the allegations of wrongdoing, *the USAO supervisors* saw no *Giglio* obligation . . .

We have conferred with counsel for the defendants, and counsel for Jamal Lockley, Randy Banks, Shakeen Davis, and Sydni Frazier do not object to this limited factual correction (although they object to the ruling and do not waive any challenges relating to the motions for new trial). Counsel for Dante Bailey and Corloyd Anderson could not be reached and have not taken a position.

We thank the Court for its time and consideration.

Very truly yours,

Erek L. Barron
United States Attorney


*Christina Hoffman*
Christina A. Hoffman
Michael C. Hanlon
Assistant United States Attorneys


Cc:   Philip Urofsky, Counsel for Dante Bailey
       Gerald Zerkin, Counsel for Randy Banks
       Carmen Hernandez, Counsel for Corloyd Anderson
       Allen Orenberg, Counsel for Jamal Lockley
       Stuart Berman, Counsel for Shakeen Davis
       Christopher Davis, Counsel for Sydni Frazier